UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> W.L. MUNIZ, Warden, ) <br> ) <br> Respondent. ) <br> ) | Case No. CV 18-5931 RSWL(JC) <br><br> ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

On June 21, 2018, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on July 6, 2018.[1] Petitioner challenges a judgment in Los Angeles County Superior Court Case No. TA130337 on multiple grounds. (Petition at 2, 5-6b).[2]

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988). Petitioner appears to have signed the Petition on May 22, 2018 and to have signed a cover letter (which appears at the end of the Petition) on June 20, 2018. The Petition was contained within an envelope which bears initials and the date June 21, 2018 on the seal, essentially reflecting that petitioner provided such item to prison authorities for mailing on such date which accordingly, constitutes the constructive filing date for purposes of the mailbox rule. The envelope is post-marked June 22, 2018, and the Petition was received by the Clerk on June 28, 2018.

[2] As the Petition has three pages numbered as page 6, the Court refers to such pages as 6, 6a and 6b, respectively.

Based upon the Petition and California state court records as to which the Court has taken judicial notice,³ and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

---

³The Court takes judicial notice of the dockets of the California Supreme Court and the California Court of Appeal, Second Appellate District ("Court of Appeal"), available via http://appellatecases.courtinfo.ca.gov, and the minutes of Los Angeles County Superior Court proceedings in Case No. TA130337, attached to the Petition, which reflect: (1) on November 17, 2015, in Case No. B257138, the Court of Appeal affirmed the judgment in Los Angeles County Superior Court Case No. TA130337; (2) on January 20, 2016, in Case No. S231237, the California Supreme Court denied petitioner's petition for review; (3) on August 15, 2016, petitioner filed an "accusation against an attorney" in California Supreme Court Case No. S236631, which was denied by such court on September 21, 2016; (4) on October 24, 2016, petitioner filed a habeas petition in Los Angeles County Superior Court Case No. TA130337 which such court denied on December 5, 2016; (5) on January 9, 2017, petitioner formally filed a habeas petition (which the Petition reflects he provided to prison authorities for mailing on January 4, 2017) in Court of Appeal Case No. B279960 which such court denied on January 18, 2017; and (6) on March 20, 2017, petitioner formally filed a habeas petition (which the Petition reflects he provided to prison authorities for mailing on March 12, 2017) in California Supreme Court Case No. S240735, which such court denied on May 24, 2017. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. As there is no indication in the record that petitioner filed a petition for writ of certiorari with the United States Supreme Court, petitioner's conviction became final on April 19, 2016, – ninety (90) days after the California Supreme Court denied review on direct appeal (on January 20, 2016) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. See supra note 3; Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted). Therefore, the statute of limitations commenced to run on April 20, 2016, and absent tolling, expired on April 19, 2017 – more than a year before petitioner filed the instant Petition.[4]

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is not tolled

---

[4]Petitioner asserts that he did not receive his complete case file from appellate counsel until August 1, 2016. See Petition at 3 [response to question 5a]. Even if the statute of limitations is deemed to have accrued upon petitioner's receipt of such case file and petitioner was afforded statutory tolling from the August 15, 2016 filing of his "accusation against an attorney" through the May 24, 2017 denial of his last state habeas petition by the California Supreme Court, it appears that the Petition would still be untimely. More specifically, in that event, the one-year statute of limitations would have expired on May 11, 2018, as petitioner would not be entitled to tolling for the 13-day period between August 2, 2016 through August 14, 2016, or the 352-day period between May 25, 2017 through May 11, 2018.

3

from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). Here, the record does not reflect that petitioner is entitled to statutory tolling sufficient to render the Petition timely filed. More specifically, even assuming petitioner is entitled to tolling from the August 15, 2016 filing of his "accusation against an attorney" through the May 24, 2017 denial of his last state habeas petition by the California Supreme Court (see supra note 3), the statute of limitations would have expired on Monday, January 29, 2018, because petitioner would not be entitled to statutory tolling for the 117-day period between April 20, 2016 (the date the statute of limitations commenced to run) and August 14, 2016 (the day before he filed the "accusation against an attorney") or the 248-day period between May 25, 2017 (the day after the California Supreme Court denied his last state habeas petition) and Saturday, January 27, 2018, effectively Monday, January 29, 2018. See Fed. R. Civ. P. 6(a)(1)(C) (when last day of period is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday). Consequently, it does not appear that statutory tolling can render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the Petition or the current record that petitioner has met his burden to demonstrate that he is entitled to tolling sufficient to render the Petition timely.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of

limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **July 30, 2018**, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other

5

relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[5]

DATED: July 10, 2018    _____/s/_____
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE

Attachment

---

[5] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.