UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>W.L. MUNIZ, Warden,<br><br>　　　　Respondent. | Case No. CV 18-5931 RSWL(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I.　SUMMARY**

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition") and all of the records herein, including: (1) the April 26, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), recommending that the Petition be denied and this action be dismissed as time-barred; (2) petitioner's Motion to Supplement the Petition ("Motion"), filed on August 26, 2019, which attempts to raise an additional claim for relief; (3) respondent's Response to the Motion and supporting documents ("Lodged Doc.") filed on September 11, 2019; and
(4) petitioner's "opposition" to the Report and Recommendation ("Objections"), filed on September 23, 2019.

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections. The Court also finds that the new claim petitioner is attempting to add via the Motion is also time-barred, and therefore denies the Motion.

## II. DISCUSSION

### A. Petitioner's Objections to the Report and Recommendation Are Overruled

Petitioner's Objections challenge the Report and Recommendation in multiple respects. The Court has considered and overruled all of petitioner's Objections, and discusses the principal objections herein.

First, petitioner asserts that he is entitled to a later commencement date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B) because of the "illegal state action" by prison officials who allegedly placed petitioner in unwarranted segregation for nearly two years and otherwise harassed petitioner, as reportedly raised in his pending civil rights case in the Eastern District of California (Price v. Barnes et al., E.D. Cal. Case No. 17-772-MCE(EFB)). See Objections at 21, 26-27, 29. Petitioner's prison conditions would entitle him to a later commencement date under Section 2244(d)(1)(B) "only if [the conditions] altogether prevented him from presenting his claims in *any* form, to *any* court." See Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009) (emphasis original; citing Lewis v. Casey, 518 U.S. 343, 346 (1996)). As is clear on the record, petitioner was able to file numerous cases with the state courts while he was in segregation and after. See R&R at 4-8, 17 (summarizing petitioner's filings). Petitioner is not entitled to a later commencement date under 28 U.S.C. § 2244(d)(1)(B). For the reasons stated in the Report and Recommendation, an August 2, 2016 commencement date for the statute of limitations is appropriate. See R&R at 11-12.

1   Second, petitioner asserts that he is entitled to statutory tolling because the
2   Superior Court allegedly erred in finding untimely his First State Petition (Lodged
3   Docs. 10-11), and his habeas petition challenging the 2008 Conviction (Other
4   Federal Action Docket Nos. 23-1, 23-2, 21-27), which petitioner constructively
5   filed on October 18, 2016.[1]  Petitioner alleges that these petitions were not
6   untimely because petitioner had no opportunity to discover the claims raised
7   therein until he received his legal file from counsel on August 1, 2016.
8   See Objections at 19-22 (noting that he explained his delay in subsequent petitions
9   to the California Court of Appeal and California Supreme Court).  Petitioner also
10  argues that the state courts have not yet clarified what is a substantial delay or
11  applied a consistent rule for petitioner "to be in any sort of compliance."
12  See Objections at 21 (citing, *inter alia*, Bennett v. Mueller, 322 F.3d 573 (9th Cir.
13  2002) (discussing California's timeliness rules in context of determining whether
14  habeas petition is procedurally defaulted), cert. denied, 540 U.S. 938 (2003), and
15  King v. LaMarque, 464 F.3d 963 (9th Cir. 2006) (same)).
16      Petitioner essentially is asking this Court to revisit the Superior Court's
17  imposition of a procedural bar and find that his state court petitions were "properly
18  filed" to entitle him to statutory tolling.  However, the Superior Court's
19  determination that the state habeas petitions were untimely is "'the end of the
20  matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414
21  (2005) (citation omitted); see also White v. Martel, 601 F.3d 882, 884 (9th Cir.)
22  ("[T]he adequacy analysis used to decide procedural default issues is inapplicable
23  to the issue of whether a state petition was 'properly filed' for purposes of section
24  2244(d)(2).  White's reliance on procedural bar case law is misplaced.  White is
25  not entitled to statutory tolling of the AEDPA statute of limitations.") (internal
26  citations omitted), cert. denied, 562 U.S. 896 (2010).

---

28  [1]This Order adopts the shorthand terms utilized in the Report and Recommendation, including those for the "First State Petition," "2008 Conviction" and "Other Federal Action."

3

Third, petitioner asserts that he is entitled to equitable tolling because he was unaware that he needed to explain/contest the timeliness of his state habeas petitions with the Superior Court and because he is otherwise ignorant of the law. See Objections at 22-25, 28. As explained in the Report and Recommendation at 18 n.11, "a pro se prisoner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir.) (citation omitted), cert. denied, 558 U.S. 897 (2009). To combat this conclusion, petitioner also alleges that during the relevant time period: (1) he was prescribed psychotropic medications; (2) he was not allowed out of segregation for six to seven months at a time; (3) from summer to winter of 2016 he suffered several nervous breakdowns and two suicide attempts for which he was placed in close watch observation; (4) he was assaulted and placed back in segregation on November 3, 2017 for transfer to another prison; but (5) he also was studying the habeas process and how to federalize his claims. See Objections at 24-28.[2]

Notwithstanding these allegations, from August 2, 2016 through January 2, 2017, petitioner was able to file the Accusation, First State Petition, Second State Petition, and habeas petitions with the Superior Court and California Court of

---

[2] Respondent lodged under seal petitioner's mental health records from October of 2017 through June of 2018. See Docket No. 16. A treatment note dated November 7, 2017, states that petitioner reported a history of four suicide attempts with the most recent attempt the year before when petitioner was housed in Arizona. (Docket No. 16 at 17; but see id. at 56 (February 8, 2018 treatment note reporting in more detail that the most recent suicide attempt was in 2015 when petitioner was sent to Arizona and placed in segregation)). The Court does not have mental health records from when petitioner was housed in Arizona. As of May 1, 2018 and June 21, 2018, petitioner reportedly was spending a lot of time working on his court case. (Id. at 31-32). Plaintiff reportedly believed that he had PTSD from being housed long term in segregation, and asked if his social worker would inform his building's corrections officer that he is "not standoffish and just need [sic] to work on his court paper work." (Id. at 31). A treatment note dated May 30, 2018, reported that petitioner had been on a combination of three different psychotropic medications for two years and was stable on the medications with no reported side effects. (Id. at 39).

Appeal challenging his 2008 Conviction.  See R&R at 4-6 & 6 n.7.  From January 3, 2017 through August 1, 2017, petitioner was able to file the Third State Petition, Fourth State Petition, the habeas petition with the California Supreme Court challenging his 2008 Conviction, the civil rights complaint in Price v. Barnes, et al., and he mailed eight separate pieces of legal correspondence.  (Id. at 5-6, 6 n.7, 18-19).  For the reasons stated in the Report and Recommendation, accepting petitioner's allegations as true, he has not shown that his mental condition together with his ignorance of the law made it impossible under the totality of the circumstances to meet his filing deadline.  (Id. at 19).

Finally, petitioner alleges that he is actually innocent, and that an evidentiary hearing would show the following:

1. Two weeks prior to petitioner's arrest, he had a conversation with Ebonee Green and a girlfriend who invited him to a "hotel party." Petitioner told Green that he could not go because he recently purchased a "fixer upper" car and it "ate up his accessible finances." Green and her friend joked in disbelief that petitioner could turn down a tryst because he had just gotten out of jail.  Petitioner spoke with Green about HIV and aids, telling her that his sister who raised him (and who passed away days before his trial started) had HIV. Petitioner also told Green about his history of celibacy as a religious sacrifice around his prior prison and jail terms.

2. Approximately one month prior to his September 14, 2013 release from jail on other charges, petitioner and Davis allegedly had a recorded telephone conversation (not produced in discovery or at trial), wherein Davis offered to give the car to petitioner.  Petitioner declined the offer and purchased the car instead.

3. Christopher Hogan, Davis's uncle, and a "Mexican windshield repairman" who were present at the time petitioner purchased the car

|   |   |   |
|---|---|---|
| 1 |   | could testify about a Bill of Sale being drawn up and signed by |
| 2 |   | petitioner and Davis. |
| 3 | 4. | Hogan advised petitioner how to get the car "road ready," and |
| 4 |   | witnessed petitioner withdraw $600 from an ATM and pay $200 to |
| 5 |   | $300 for parts for the car, and the rest to the windshield repairman and |
| 6 |   | Davis after signing the Bill of Sale. |

See Objections at 1-5, 7-10, 29-30. Petitioner argues that if the jury had heard testimony from Green (who did not testify at petitioner's trial) about Green's understanding that petitioner had purchased the car – which was known to Green and reported to the police prior to petitioner being charged with carjacking – and from Hogan, Davis's uncle, and the windshield repairman about the purchase of the car, the jury would have acquitted petitioner of carjacking. (Objections at 3, 5, 8-9). Petitioner also argues that if the jury had heard testimony about petitioner's character for celibacy, it would have questioned why petitioner was charged with attempted kidnapping to rape Jane Doe #1 (of which the jury did not find petitioner guilty), and found petitioner not guilty of the lesser included charge of attempted kidnaping of Jane Doe #1. (Objections at 5-6).

      Petitioner's new "evidence" and argument is unpersuasive. Petitioner testified at trial that he was buying the car from Davis and still owed her some money for the car at the time of the alleged carjacking. (RT 1880-81, 2144-45). Petitioner admitted that Davis got angry with him and told him he still owed her money. (RT 1888-90). Christopher Hogan was present to testify for the defense, but defense counsel informed the trial court that for tactical reasons Hogan would not be called as a defense witness after listening to undisclosed recorded conversations and talking with the prosecution. (RT 1871, 2161).

      Petitioner has not alleged a credible claim of actual innocence to entitle him to have his untimely claims heard on the merits. Considering all of the evidence and petitioner's allegations, petitioner has not persuaded the Court that "in light of

the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995).

For all the foregoing reasons, petitioner has shown no basis upon which to find his claims timely or to reach the merits of his untimely claims.

### B. Petitioner's Motion Is Denied Because the New Actual Innocence Claim Contained Therein Is Also Time-Barred

In his Motion, petitioner raises a single claim of actual innocence, arguing that there was no evidence or allegations of violence underlying his 2014 carjacking conviction, which he alleges was a "non-event." See Motion at 5, 5b2-5b3. Petitioner cites by inference to Solorio-Ruiz v. Sessions, 881 F.3d 733, 736 (9th Cir. 2018) (holding that a carjacking conviction under California law is not a "crime of violence" under *federal* law in light of Johnson v. United States, 559 U.S. 133, 140 (2010), overruling Nieves-Medrano v. Holder, 590 F.3d 1057, 1058 (9th Cir. 2010)). Like his other claims, petitioner's "new" actual innocence claim is untimely.

Petitioner's conviction became final on April 19, 2016. See R&R at 9. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the Court has given petitioner a later statute of limitations commencement date for the discovery of his claims of August 2, 2016. See R&R at 11-12. If petitioner is attempting to assert a later date under Section 2244(d)(1)(D) based on the issuance of the Solorio-Ruiz decision, he is not entitled to a delay. Petitioner knew of the *factual* basis for his new claim (*i.e.*, that his 2008 and 2014 carjacking convictions allegedly were not based on evidence or allegations of violence), as opposed to the legal basis for his new claim (*i.e.*, the Solorio-Ruiz case), prior to the time his conviction became final. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

To the extent petitioner may be alleging that his conditions of confinement amount to illegal state action preventing him from bringing his new claim sooner, he is not entitled to a later accrual date under 28 U.S.C. § 2244(d)(1)(B) for the

7

same reasons discussed herein that Subsection B does not provide a later accrual for his other claims. Nor is petitioner entitled to a later accrual date under 28 U.S.C. § 2244(d)(1)(C), since petitioner's new claim is not predicated on a constitutional right newly recognized by the Supreme Court, and his citation to the Ninth Circuit Solorio-Ruiz case does not apply. See Thompson v. Sherman, 2019 WL 2807871, at *3 (C.D. Cal. May 21, 2019) (rejecting claim that Solorio-Ruiz and Johnson should merit later commencement date since, as here, Johnson predated the conviction and Solorio-Ruiz is not a Supreme Court case), report and recommendation adopted, 2019 WL 2764403 (C.D. Cal. July 2, 2019).

Accordingly, the statute of limitations for petitioner's new claim commenced on August 2, 2016, and, absent tolling, expired on August 1, 2017. For the same reasons petitioner is not entitled to statutory or equitable tolling for his other claims, he is not entitled to statutory or equitable tolling for his new claim. Petitioner had no properly filed state habeas petitions to toll the limitations period, and he has raised no basis for equitable tolling since: (1) as the Superior Court found, Solorio-Ruiz did not effect a change in state law (Lodged Doc. 17); and (2) the change in Ninth Circuit law is not relevant/controlling in petitioner's case. See Lua v. Foss, 2019 WL 2341655, at *2 (C.D. Cal. May 31, 2019) (explaining that Solorio-Ruiz said nothing about the validity of California's carjacking offense or the validity of a sentence imposed for such offense, and Johnson concerns federal statutory interpretation not constitutional law); compare Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (rejecting contention that the time between petitioner's conviction and state court decision clarifying state law should be equitably tolled), cert. denied, 546 U.S. 1171 (2006).

Finally, to the extent petitioner is asserting that the Court should reach the merits of his new claim because he is actually innocent of carjacking, he has presented no new reliable evidence of his purported innocence for the Court's consideration – he merely challenges the sufficiency of the evidence to support his

convictions.  See Motion at 5.  Moreover, contrary to petitioner's allegation that there were no allegations or evidence at trial that the carjackings were accomplished by violence, there was evidence that both the carjackings in the 2008 Case and in the 2014 Case involved taking the cars by force or violence.  The victim in the 2008 Case testified at petitioner's 2014 trial that petitioner hurt her to get car keys from her hand and take her car without permission (*i.e.*, petitioner put his arms around her neck, choked her, and said, "Bitch, give me the keys.").  (RT 1587-91).  A call from Davis to Detective Sanchez was played for the jury wherein Davis said, contrary to her trial testimony, that petitioner had "grabbed [her] from behind" and "took the keys" to the car.  (CT 152-54).  Once again, petitioner has not persuaded the Court in light of his argument that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. at 329.  For these reasons, the Motion is denied.  Granting petitioner leave to bring an additional claim would be futile since all of petitioner's claims are time-barred.

### III.     ORDERS

IT IS HEREBY ORDERED that:  (1) petitioner's Motion is denied; (2) the Petition and this action are dismissed with prejudice because petitioner's claims are barred by the statute of limitations; and (3) Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondent.

IT IS SO ORDERED.


DATED:  October 22, 2019

/s/ RONALD S.W. LEW
_____

HONORABLE RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE